DJW/2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANNE F. DANAHER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No: 08-cv-2293-DJW |
| **WILD OATS MARKETS, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss (doc. 54) filed by Defendants Wally's Natural Products, Inc. ("Wally's") and United Natural Foods, Inc. ("United"). Defendants Wally's and United move the Court for an order dismissing the pending action against them with prejudice on the grounds that Plaintiff's claims against them are barred by the applicable statute of limitations. The Motion is fully briefed and is therefore ripe for consideration. For the reasons set forth below, the Motion is granted in part and denied in part.

## I.   BACKGROUND

Plaintiff filed her Complaint (doc. 1) on June 27, 2008 against Defendants Wild Oats Markets, Inc. ("Wild Oats") and Karen S. Kenney ("Kenney"). Plaintiff alleged that she purchased two ear candles from Defendant Wild Oats and then hired Defendant Kenney to perform an ear candling procedure utilizing the ear candles purchased from Defendant Wild Oats.[1] Plaintiff alleged that during the ear candling procedure, which took place on June 30, 2006, she suffered a burn to her right inner ear, which caused damage to her ear and resulted in hearing loss.[2]

---

[1] Compl. (doc. 1) ¶¶ 6 and 8.

[2] *Id.* at ¶ 9.

On February 18, 2009, Plaintiff filed her First Amended Complaint (doc. 32), which added two new defendants: Defendants Wally's and United. Plaintiff again alleged that she purchased the ear candles from Defendant Wild Oats, she hired Defendant Kenny to perform an ear candling procedure, and that she was injured during the procedure on June 30, 2006.[3] In addition, Plaintiff alleged, *inter alia*, that Defendant Wally's designed and manufactured the ear candles, which were then distributed in the stream of commerce by Defendant United.[4] Plaintiff asserted claims against Defendants Wally's and United for strict liability in tort, negligence, and breach of implied warranties of merchantability and fitness for a particular purpose.[5]

Defendants Wally's and United argue that the claims against them should be dismissed with prejudice because they are barred by the applicable statute of limitations.

## II. STANDARDS

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that relief is barred by the applicable statute of limitations.[6] Although the statute of limitations is an affirmative defense, "when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute. [] Statute of limitations questions may, therefore, be appropriately resolved on a Fed. R. Civ. P. 12(b) motion."[7] To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must

---

[3] Pl.'s First Am. Compl. (doc. 32) ¶¶ 8, 11, and 12.

[4] *Id.* at ¶ 9.

[5] *Id.* at ¶¶ 13 - 15.

[6] *Jones v. Bock*, 549 U.S. 199, 215 (2007).

[7] *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (citations (continued...)

present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[8] The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief.[9]

## III. ANALYSIS

Defendants Wally's and United argue that Plaintiff's claims against them constitute product liability claims as defined in K.S.A. 60-3302(c) and that the applicable statute of limitations is the two year statute of limitations provided in K.S.A. 60-513.[10] Defendants Wally's and United further argue that Plaintiff's causes of action against them accrued on June 30, 2006, the date Plaintiff alleges she was injured during the ear candling procedure.[11] Finally, Defendants Wally's and United argue that the filing of Plaintiff's First Amended Complaint on February 18, 2009 does not relate back to her original Complaint under Fed. R. Civ. P. 15(c).[12] Defendants Wally's and United ask the Court to enter an order dismissing Plaintiff's claims against them with prejudice because they were filed outside the two year statute of limitations period.[13]

---

[7](...continued)
omitted).

[8] *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[9] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[10] Defs. Wally's Natural Products, Inc.'s and United National [sic] Foods, Inc.'s Mem. in Supp. of Mot. to Dismiss (doc. 55) at 2-3.

[11] *Id.* at 3-4.

[12] *Id.* at 4-7.

[13] *Id.* at 8.

In response to the Motion to Dismiss, Plaintiff essentially concedes that if Defendants Wally's and United are allowed to assert the statute of limitations affirmative defense, then her claims against them would be barred. Plaintiff does not dispute (1) that her claims against Defendants Wally's and United constitute product liability claims as defined in K.S.A. 60-3302(c), (2) that the applicable statute of limitations is the two year statute of limitations provided in K.S.A. 60-513, (3) that her causes of action against Defendants Wally's and United originated and accrued in Kansas on June 30, 2006, or (4) that the filing of her First Amended Complaint on February 18, 2009 does not relate back to her original Complaint under Fed. R. Civ. P. 15(c).[14] Instead, Plaintiff asks that the Court deny the Motion and grant her leave to amend her First Amended Complaint to include allegations that Defendants Wally's and United are equitably estopped from asserting the statute of limitations defense.[15]

The Court concludes that the dates given in Plaintiff's First Amended Complaint make it clear that Plaintiff's claims against Defendants Wally's and United are barred by the statute of limitations. Plaintiff has not pled the factual basis for tolling the statute of limitations, and a response to a motion to dismiss is not the proper mechanism for obtaining relief to amend a complaint to include such allegations.[16] The Court therefore grants the Motion in part and dismisses Plaintiff's claims against Defendants Wally's and United <u>without</u> prejudice. Plaintiff may file a motion for leave to file an amended complaint <u>within 10 days</u> of the date of the filing of this Order

---

[14] Pl.'s Resp. & Mem. of Law in Opp'n to the Mot. to Dismiss Filed by Def. Wally's Natural Products, Inc. & Def. United Natural Foods, Inc. (doc. 68) at ¶¶ 1-2, 4.

[15] *Id.* at ¶ 12.

[16] *See* D. Kan. Rule 15.1; *see also Julie White v. The Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, No. 07-2319-CM, 2008 WL 191422, at *3, n.1 (D. Kan. Jan. 22, 2008).

so as to include allegations that Defendants Wally's and United are equitably estopped from asserting the statute of limitations affirmative defense.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (doc. 54) filed by Defendants Wally's Natural Products, Inc. and United Natural Foods, Inc. is granted in part and denied in part. Plaintiff's claim against Defendants Wally's and United are hereby dismissed **without** prejudice.

**IT IS FURTHER ORDERED** that **within 10 days** of the date of the filing of this Order, Plaintiff may file a motion for leave to amend her First Amended Complaint to include allegations that Defendants Wally's and United are equitably estopped from asserting the statute of limitations affirmative defense.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 10th day of December 2009.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties