**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **ANNE F. DANAHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **Case No: 08-2293-DJW** |
| **WILD OATS MARKETS, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM AND ORDER**</u>

Pending before the Court is Plaintiff's Motion for Leave to Amend (doc. 78). Plaintiff seeks leave to amend her complaint so as to state a cause of action against Cross Defendant Wally's Natural Products, Inc. ("Wally's") and Cross Defendant United Natural Foods, Inc. ("United") identical to that contained in Plaintiff's First Amended Complaint, but including factual allegations which support Plaintiff's claim that Wally's and United should be equitably estopped from asserting a statute of limitations defense. For the reasons set forth below, Plaintiff's Motion is denied.

**I.      BACKGROUND**

Plaintiff filed her Complaint (doc. 1) on June 27, 2008 against Defendants Wild Oats Markets, Inc. ("Wild Oats") and Karen S. Kenney ("Kenney"). Plaintiff alleged that she purchased two ear candles from Defendant Wild Oats and then hired Defendant Kenney to perform an ear candling procedure utilizing the ear candles purchased from Defendant Wild Oats.[1] Plaintiff alleged that during the ear candling procedure, which took place on June 30, 2006, she suffered a burn to her right inner ear, which caused damage to her ear and resulted in hearing loss.[2]

---

[1] Compl. (doc. 1) ¶¶ 6 and 8.

[2] *Id.* at ¶ 9.

On February 18, 2009, Plaintiff filed her First Amended Complaint (doc. 32), which added two new defendants: Wally's and United. Plaintiff again alleged that she purchased the ear candles from Defendant Wild Oats, she hired Defendant Kenny to perform an ear candling procedure, and that she was injured during the procedure on June 30, 2006.[3] In addition, Plaintiff alleged, *inter alia*, that Wally's designed and manufactured the ear candles, which were then distributed in the stream of commerce by United.[4] Plaintiff asserted claims against Wally's and United for strict liability in tort, negligence, and breach of implied warranties of merchantability and fitness for a particular purpose.[5]

Wally's and United then moved to dismiss Plaintiff's claims against them on the grounds that they are barred by the applicable statute of limitations.[6] In support of their motion to dismiss, Wally's and United argued that Plaintiff's claims against them constituted product liability claims as defined in K.S.A. 60-3302(c) and that the applicable statute of limitations is the two year statute of limitations provided in K.S.A. 60-513.[7] They further argued that Plaintiff's causes of action against them accrued on June 30, 2006, the date Plaintiff alleges she was injured during the ear

---

[3] Pl.'s First Am. Compl. (doc. 32) ¶¶ 8, 11, and 12.

[4] *Id.* at ¶ 9.

[5] *Id.* at ¶¶ 13 - 15.

[6] Mot. to Dismiss (doc. 54).

[7] Defs. Wally's Natural Products, Inc.'s and United National [sic] Foods, Inc.'s Mem. in Supp. of Mot. to Dismiss (doc. 55) at 2-3.

candling procedure.[8]  Thus, Wally's and United argued that the statute of limitations had run by the time that Plaintiff filed her amended complaint against Wally's and United on February 18, 2009.[9]

In response to Wally's and United's motion to dismiss, Plaintiff essentially conceded that if Wally's and United were allowed to assert the statute of limitations affirmative defense, then her claims against them would be barred.[10]  However, Plaintiff asked the Court to deny the motion to dismiss and grant her leave to amend her First Amended Complaint to include allegations that Wally's and United are equitably estopped from asserting the statute of limitations defense.[11]

In ruling on the motion to dismiss, this Court concluded that the dates given in Plaintiff's First Amended Complaint make it clear that Plaintiff's claims against Wally's and United are barred by the statute of limitation.[12]  This Court further found that Plaintiff had not plead the factual basis for tolling the statute of limitations, and that Plaintiff's response to the motion to dismiss was not the proper mechanism for obtaining relief to amend her complaint to include such allegations.[13]  Thus, the Court granted the motion to dismiss in part and dismissed Plaintiff's claims against Wally's and United without prejudice.[14]  This Court then gave Plaintiff ten days to file a  motion for

---

[8] *Id.* at 3-4.

[9] *Id.*

[10] Pl.'s Resp. & Mem. of Law in Opp'n to the Mot. to Dismiss Filed by Def. Wally's Natural Products, Inc. & Def. United Natural Foods, Inc. (doc. 68) at ¶¶ 1-2, 4.

[11] *Id.* at ¶ 12.

[12] Mem. & Order (doc. 75) at 4.

[13] *Id.* (citing D. Kan. Rule 15.1; *Julie White v. The Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, No. 07-2319-CM, 2008 WL 191422, at *3, n.1 (D. Kan. Jan. 22, 2008)).

[14] *Id.* at 5.

leave to amend her First Amended Complaint to include allegations that Wally's and United are equitably estopped from asserting the statute of limitations affirmative defense.[15]

Plaintiff then filed the present Motion seeking leave to amend her First Amended Complaint to include factual allegations in support of her claim that Wally's and United should be equitably estopped from asserting a statute of limitations defense.

## II.    STANDARD

Fed. R. Civ. P. 15(a)(2) provides that, after the permissive period, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[16]  Fed. R. Civ. P. 15(a)(2) further provides, "The court should freely give leave when justice so requires."[17]  The Supreme Court has held that "this mandate is to be heeded."[18]

Leave to amend may be denied when the court finds "bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[19]  The decision whether or not to allow a proposed amendment rests within the sound discretion of the court.[20]  "In exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are

---

[15] *Id.*

[16] Fed. R. Civ. P. 15(a)(2).

[17] *Id.*

[18] *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (citation omitted).

[19] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

[20] *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995).

designed to facilitate decisions on the merits rather than on pleading technicalities."[21]

"When the face of the complaint shows that plaintiff filed the action beyond the applicable statute of limitations, [as is the case here,] plaintiff must allege facts sufficient to show that the limitations period should be tolled."[22]  Plaintiff seeks leave to amend her complaint to include the facts sufficient to show that Wally's and United should be equitably estopped from asserting the statute of limitations.  "The doctrine of equitable estoppel is based upon the principle that a person is held to a representation made or a position assumed when otherwise inequitable consequences would result to another who, having the right to do so under all the circumstances, has in good faith relied thereon."[23]

> A party asserting equitable estoppel must show that another party, by its acts, representations, admissions, or silence when it had a duty to speak, induced it to believe certain facts existed. It must also show it rightfully relied and acted upon such belief and would now be prejudiced if the other party were permitted to deny the existence of such facts.[24]

Wally's and United oppose Plaintiff's Motion on the grounds that such amendment would

---

[21] *Rural Water Dist. No. 4, Douglas County, Kan. v. City of Eudora, Kan.*, Civ. A. No. 07-2463-JAR, 2008 WL 1867984, at *4 (D. Kan. Apr. 24, 2008) (citations omitted); *see Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)("The purpose of [Fed. R. Civ. P. 15] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'")(quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[22] *Kelly v. Boyles*, No. 08-2425-CM, 2009 WL 3711578, at * 2 (D. Kan. Nov. 3, 2009) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir.1980)).

[23] *Bowen v. Westerhaus*, 224 Kan. 42, 45-46, 578 P.2d 1102, 1105 (Kan. 1978) (citations omitted).

[24] *Id.* at 46 (quoting *United Am. State Bank & Trust Co. v. Wild West Chrysler Plymouth, Inc.*, 221 Kan. 523, 527, 561 P.2d 792, 795 (1977)).

be futile.[25]  Wally's and United, in asserting futility of amendment, have the burden of establishing futility of amendment.[26]  "In determining whether amendment should be denied as futile, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)."[27]  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[28]  "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."[29]

## III.    ANALYSIS

After the Court granted, in part, Wally's and United's motion to dismiss on the grounds that Plaintiff's claims against Wally's and United were barred by the statute of limitations, Plaintiff filed the instant Motion seeking leave to amend her complaint to include sufficient facts showing that Wally's and United should be equitably estopped from asserting the statute of limitations defense. There is no dispute that the statute of limitations has expired.  Rather, the only question before the Court is whether Plaintiff's proposed Second Amended Complaint contains facts sufficient to show that her claim, that Wally's and United are equitably estopped from asserting the statute of

[25] Separate Defs. United Natural Foods, Inc. and Wally's Natural Products, Inc.'s Mem. in Opp'n to Pl.'s Mot. for Leave to Amend (doc. 80).  Although the Court's Mem. & Order (doc. 75) dismissed Plaintiff's claims against Wally's and United, they are both still in the case by virtue of Defendant Wild Oat's cross-claim against them (*see* doc. 57).

[26] *Rural Water*, 2008 WL 1867984, at *5 (citation omitted).

[27] *Id.* (citing *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007)).

[28] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

[29] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

limitations, is plausible on its face. In making this determination, the Court must accept all well-pleaded factual allegations in the proposed Second Amended Complaint as true and view them in a light most favorable to Plaintiff.[30] Thus the Court accepts the following allegations contained in Plaintiff's proposed Second Amended Complaint as true and will view them in a light most favorable to Plaintiff:

> 19. The Defendant Wally's Natural Products, Inc. and the Defendant United Natural Foods, Inc. should be equitably estopped from asserting the two year statute of limitations contained within K.S.A. 60-513 because each of them concealed their involvement in the manufacturing and distribution of the ear candles in question prior to the accrual of the Plaintiff's course of action by placing said devices in the stream of commerce without any labels, packaging, instructions, serial number or other product identification which would disclose to the consumer the manufacturer or distributor of the product in question.

> 20. The Defendant Wally's Natural Products, Inc. and the Defendant United Natural Foods, Inc. had a duty to disclose their respective involvement in the manufacture and distribution of the ear candles within the product markings, labels or instructions, which duty arose out of their common law duty of reasonable care in the manufacture and sale of a product.[31]

Wally's and United have the burden of establishing futility of amendment. In support of their futility argument, Wally's and United point out that Plaintiff has not identified any law in support of her argument that they should be equitably estopped from asserting the statute of limitations because they allegedly concealed their involvement in the manufacturing and distribution of the ear candles by not identifying themselves as the manufacturer and distributer on the label of the ear candles. During the telephone Scheduling Conference held on January 12, 2010, the Court asked Plaintiff's counsel if he had found any law to support the specific claim that Wally's and United were required to identify themselves as the manufacturer and distributer on the label of the

---

[30] *Id.*

[31] Pl.'s Second Am. Compl. (attached as Ex. A to Pl.'s Mot. to Amend (doc. 78)).

ear candles and that the failure to do so resulted in Wally's and United being equitably estopped from asserting the statute of limitations. Plaintiff's counsel stated he had not found any law supporting the specific claim, but rather that he found law generally concerning the doctrine of equitable estoppel.

The Court has conducted its own search of the law concerning the doctrine of equitable estoppel and can find no law to support Plaintiff's specific argument. In order to rely on the doctrine of equitable estoppel, Plaintiff must show that Wally's and United, by their acts, representations, admissions, or silence when they had a duty to speak, induced Plaintiff to believe certain facts existed. Plaintiff has not identified any acts or representations made by Wally's or United which induced Plaintiff to believe certain facts existed. In addition, Plaintiff has not shown that either Wally's or United was silent when it had a duty to speak. Indeed, Plaintiff has not provided any law, and the Court can find none, which supports her argument that Wally's and United had a duty to speak, *i.e.*, identify themselves on the label of the ear candles. The Court therefore concludes that Plaintiff's proposed amendment to her complaint to include allegations supporting Plaintiff's claim that Wally's and United should be equitably estopped from asserting a statute of limitations defense would be futile. Accordingly, the Court denies Plaintiff's Motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend (doc. 78) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 26th day of January 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties