IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANNE F. DANAHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-2293 JAR/DJW |
| ) | |
| WILD OATS MARKETS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT KAREN S. KENNEY'S MOTION FOR SUMMARY JUDGMENT**

Defendant Karen S. Kenney, by and through her counsel of record, Frischer & Associates, Chartered, files her Motion for Summary Judgment. In support, Defendant states as follows.

**STATEMENT OF UNCONTROVERTED FACTS**

1. On August 23, 2010, this Court entered a Pretrial Order. [Doc. 128]

2. The Pretrial Order states: "This Pretrial Order shall supersede all pleadings and control the subsequent course of this case. It shall not be modified except by consent of the parties and the Court's approval, or by Order of the Court to prevent manifest injustice." (Pretrial Order, Document 128, p. 1.)

3. The sole theory of recovery against Ms. Kenney is negligence. (Pretrial Order, §§ 6a.1, 6b.)

4. On February 4, 2009, Plaintiff designated her sole expert witness, Dr. Richard Wiet. (Document 30)

5. Dr. Wiet agrees that whether somebody may or may not be injured by an ear candling procedure depends in part upon the qualifications, the experience and

{00047765.DOC}

the actual procedure used in that process. (Depo. of Richard J. Wiet, July 28, 2010 herein after "Wiet" p. 70, l. 6-11, Exhibit 1)

6. Dr. Wiet has no knowledge of the specific methodology employed by Karen Kenney in this case in administering the ear candle. (Wiet, p. 117, l. 17-21)

7. Dr. Wiet has no opinion regarding the methodology in which Karen Kenney administered the ear candle in this case. (Wiet, p. 117, l. 22-p.118, l. 3)

8. Dr. Wiet is not able to express an opinion on the methodology of administering the ear candle in this case. (Wiet, p. 118, l. 4-7)

9. Dr. Wiet will not offer an opinion as to the generally recognized standard of care in administering ear candles. (Wiet, p. 118, l. 8-13)

10. Dr. Wiet has no training, education, experience or knowledge regarding the design, manufacture, marketing, labeling, sale or distribution of ear candles. [Wiet, p. 8, l. 9-12; p. 9, l. 2-22; p. 60, l. 3-10; p. 68, l. 6-17]

11. Dr. Wiet has not conducted any studies of the design, manufacture, marketing, labeling, sale or distribution of ear candles. [Wiet, p. 25, l. 9-21; p. 26, l. 2-12]

12. Dr. Wiet has never performed any tests of an ear candle. [Wiet, p. 25, l. 22-24]

13. Dr. Wiet has never seen a lit ear candle nor observed the practice of ear candling. [Wiet, p. 50, l. 6-8]

14. Dr. Wiet has little or no knowledge of the ingredients or component parts that constitute an ear candle. [Wiet, p. 25, l. 9-24; p. 49, l. 15-19]

15.     Dr. Wiet has never reviewed any packaging, labeling, warnings, warranties or other written material accompanying ear candles.  [Wiet, p. 25, l. 22-24]

16.     Dr. Wiet is unaware of the number of ear candles sold per year in the United States or anywhere. [Wiet, p. 39, l. 6-19]

17.     Dr. Wiet is unaware of the number of people per year who complain of ear injuries due to the use of an ear candle.  [Wiet, p. 109, l. 17-23]

18.     Dr. Wiet is unaware of the number of people per year who use ear candles without incident.  [Wiet, p. 109, l. 17-23]

19.     Dr. Wiet is unaware of the steps or procedures Ms. Kenny employed when she administered the ear candle procedure to plaintiff.  [Wiet, p. 36, l. 1-14]

20.     Prior to being contacted by plaintiff's attorney, Dr. Wiet had never testified in any case, in any capacity, involving ear candles.  [Wiet, p. 28, l. 17-24; p. 29, l. 1-8]

21.     Prior to being contacted by plaintiff's attorney, Dr. Wiet had never engaged in any independent research or study into ear candles or the practice of ear candling.  [Wiet, p. 114, l. 23-24; p. 115, l. 1-4]

22.     On June 1, 2010, Defendant Kenney identified Teede Stipich as her expert with respect to the procedure of ear candling.  (Document 97)

23.     It is a common misconception with the general public, and those who are unfamiliar with ear candles, that ear candles are those which are commonly used for decorative, birthday or other usual purposes, and are made of solid wax and wick, which burns down. [Affidavit, Teede Stipich, ¶ 4, Ex. 2]

24. Ear candles are hollow, tapered tubes, consisting of cloth, usually linen, which are lightly waxed, and have no wick. The higher quality ear candles uses beeswax or paraffin. [Affidavit, Teede Stipich, ¶ 5]

25. The process of ear candling requires specific training and safety precautions. First, an ear candle should never be used alone. It should not be used by persons who have ear tubes, a perforated ear drum, infection, disease, inflammation or recent ear surgery. The patient should lie horizontally on his or her side with the ear to be candled facing up so that the ear candle is perpendicular to the floor. This allows the ear candler to carefully watch the burning process and clip away the burned candle. The candle should be removed from the ear when the burned portions are clipped off. The candle should never be burned down to less than 4 inches. The ear candler must watch the process carefully to insure the safety of the client. [Affidavit, Teede Stipich, ¶ 7]

26. In administering the ear candle, the narrow end of the cone shaped candle is placed through a plate guard in order to protect the client's hair and head. The client's head and face are also partially covered with a cloth for further protection. The narrow end of the candle is inserted comfortably in the ear not further than 1/8 inch. The wide end is lit, and burns down. As the candle burns down, the ear candler trims off the burned portion, when it reaches about an inch, or starts to come loose, and extinguishes it in a bowl of water. [Affidavit, Teede Stipich, ¶ 6]

27. Ms. Kenney's actions in performing the ear candling procedure upon Ms. Danaher met the standard of care and were reasonable. [Affidavit, Teede Stipich, ¶¶ 8-13]

28. Plaintiff purchased the ear candles approximately three years before the incident. [Deposition, Anne Danaher, p. 59, l. 13-16, Exhibit 3]

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the moving party demonstrates that there is "no issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In applying the standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *City of Harriman v. Bell,* 590 F.3d 1176, 1181 (10th Cir. 2010). "There is no genuine issue of material fact unless the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party." *Bowens v. Honeywell International, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adlow v. Wal-Mart Stores, Inc.,* 144 F.3d 664 (10th Cir. 1998).

The moving party initially must show the absence of a genuine issue of material fact and entitlement to a judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). In attempting to meet this standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adams v. American*

*Guarantee & Liability Ins. Co.,* 233 F.3d 1242, 1246 (10th Cir. 2000).  Once the moving party has met this initial burden, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324.  The non-moving party may not simply rest upon its pleadings to satisfy its burden.  Rather, it must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the non-movant." *Adlow v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 671.

### PLAINTIFF DOES NOT HAVE THE REQUIRED EXPERT OPINION TO ESTABLISH NEGLIGENCE ON THE PART OF MS. KENNEY.

Preliminarily, Defendant Kenney asks this Court to consider this motion in the context of the lack of expert testimony regarding the products liability aspect of this case.  Plaintiff will offer no expert opinion on whether the ear candle was either defectively designed or manufactured, nor has Plaintiff designated an expert to testify as to the proper procedure for administering the ear candle.

Consequently, Plaintiff's case is reduced to the contention that ear candles and ear candling are unreasonably dangerous, based solely on anecdotal evidence offered by Dr. Wiet, whether the ear candle itself is defective or not, and no matter how the ear candling procedure is administered.  Stated another way, Plaintiff's case comes down to two propositions:  1) ear candles are unreasonably dangerous no matter how they are manufactured or designed; and, 2) administering an ear candling procedure is negligent no matter how it is performed.  Therefore, plaintiff implicitly contends that if someone is injured in an ear candling procedure, both the manufacturer and the administrator of the procedure are automatically liable.

But the law requires more from the plaintiff. Under Kansas law, negligence is never presumed and cannot be inferred merely from an adverse result. *Stewart v. NationaLease of Kansas City, Inc.*, 920 F.Supp. 1188 (D.Kan 1996); *Zywicki v. U.S.*, 809 F.Supp. 823 (D.Kan. 1992). The mere fact an accident happens or an event occurs in which injury results is not sufficient to establish liability, since negligence is never presumed but must always be established by proof. *Emrie v. Tice*, 258 P.2d 332 (Kan. 1953). In order for plaintiff to prevail, the Court must conclude that plaintiff is entitled to a presumption of negligence or fault. In other words, anyone who performs an ear candling, no matter what safety precautions are taken or procedures followed, is negligent simply by the act of such performance.

Since the presumption of negligence is not afforded to plaintiff, she must offer some evidence that Ms. Kenney did something wrong besides using an ear candle on a willing client. This necessitates expert testimony. Expert testimony is required to establish the standard of care in cases involving professional actions and whether the professional deviated from the standard of care. *McConwell v. FMG of Kansas City, Inc.,* 861 P.2d 830 (Kan. App. 1993). Such a claim will fail for lack of evidence unless plaintiff identifies an expert to support it. *Crooks v. Greene,* 736 P.2d 78 (Kan. App. 1987).

There is a "common knowledge exception" which applies when a layperson's common knowledge is sufficient to recognize a deviation from the accepted standard of care. *Bystate Development Co., Inc., v. Shafer Kline & Warren, Inc.,* 990 P.2d 159 (Kan. App. 1999). But that exception is not applicable here. "Whether the expert testimony is necessary to prove negligence is dependent on whether, under the facts

of a particular case, the trier of fact would be able to understand, absent expert testimony, the nature of the standard of care required of Defendant and the alleged deviation from that standard." *Gaumer v. Rossville Truck & Tractor, Co.,* 202 P.3d 81, 84 (Kan. App. 2009). The common knowledge exception includes extreme cases, such as a nursing home's duty to protect other patients from a known violent patient with a history of injuring his co-patients, *Juhnke v. Evangelical Lutheran Good Samaritan Society,* 634 P.2d 1132 (Kan. 1981), and a physician's duty where a sponge or instrument was left inside a patient during surgery. *Webb v. Lungstrum,* 557 P.2d 22, 26 (Kan. 1979). Ms. Kenney submits the affidavit of Teede Stipich, an experienced and certified ear candler, whose explanation of the procedure shows that it is not within the common knowledge of laypersons, that various safety precautions should be taken, and that Ms. Kenney properly conducted the ear candling. (Uncontroverted Facts Nos. 23-27)

Plaintiff asserts that Ms. Kenney should be judged by the standard of ordinary care. But Plaintiff's only evidence is that Ms. Kenney administered the ear candling procedure. Plaintiff cannot come forth with evidence that Ms. Kenny negligently performed the procedure because she has no expert to so testify. Plaintiff's case is: Ms. Kenney administered the ear candle, injury resulted, and therefore she is liable.

Plaintiff cannot establish fault on the part of Ms. Kenney for negligently conducting the ear candling procedure, nor can she establish fault on the part of the manufacturer or seller of the ear candles. Therefore, plaintiff cannot meet her burden of proof, or raise an issue of fact, on the question of fault.

*Respectfully submitted,*

FRISCHER & ASSOCIATES, CHARTERED

___s/Jeffrey R. Siegel_____
Leonard R. Frischer             KS# 12476
Jeffrey R. Siegel               KS# 20560
Southcreek Building XIV
13220 Metcalf, Suite 100
Overland Park, Kansas 66213
(913) 345-0100   FAX (913) 345-1802
***ATTORNEYS FOR DEFENDANT
KAREN KENNEY***

{00047765.DOC}                 9

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have served a true and correct copy of the above and foregoing document on counsel of record by ( X ) electronically filing with the Clerk of Court using the CM/ECF system which sent notification to of such filing, (    ) placing the same in the United States mail, postage prepaid, (    ) facsimile to the telephone numbers listed below, or (    ) hand delivery, on this 25 day of August, 2010 to:

Derrick A. Pearce, Esq.
WALLACE, SAUNDERS, AUSTIN,
BROWN AND ENOCHS, CHTD.
10111 W. 87th Street
Overland Park, KS  66282-2290
***ATTORNEY FOR DEFENDANTS***
***WALLY'S NATURAL PRODUCTS,***
***INC. AND UNITED NATURAL FOODS, INC.***

John G. O'Connor, Esq.
ROBB, TAYLOR & O'CONNOR
827 Armstrong Avenue
Kansas City, KS 66101
***ATTORNEYS FOR PLAINTIFF***

Joseph D. Ryan, Esq.
Law Offices of Joseph D. Ryan, P.C.
1896 Sheridan Road
Highland Park, IL  60035
***ATTORNEY FOR DEFENDANT***
***WILD OATS MARKETS, INC.***


_____s/Jeffrey R. Siegel_____
Jeffrey R. Siegel
*For the Firm*