# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANNE F. DANAHER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **Case No: 08-cv-2293-DJW** |
| **WILD OATS MARKETS, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

Pending before the Court are three motions. Defendant Karen S. Kenney's Motion to Strike Plaintiff's Expert Identification (Document 30) and/or to Limit Expert Testimony (ECF No. 102) (the "Motion to Strike") was filed on July 9, 2010. Cross-Claim Defendants Wally's Natural Products, Inc. ("Wally's") and United Natural Foods, Inc. ("United") later joined in Kenney's Motion to Strike on July 20, 2010 through their Motion to Strike Plaintiff's Expert Identification and/or to Limit Expert Testimony (ECF No. 112). Finally, Defendant and Cross-Claim Plaintiff Wild Oats Markets, Inc. ("Wild Oats") also joined in Kenney's Motion to Strike on July 27, 2010 by filing its Motion to Strike Plaintiff's Expert Identification and/or to Limit Expert Testimony (ECF No. 123).

By joining in Kenney's Motion to Strike, Wally's, United and Wild Oats all simply incorporated by reference Kenney's Motion to Strike. They did not offer any additional arguments or support for their respective motions. The Court thus considers the arguments and authorities set forth in Kenney's Motion to Strike in reaching its decision on all three motions. For the reasons set forth below, the Court denies all three motions.

## I. BACKGROUND

This is a negligence/product liability action in which Plaintiff alleges that she sustained an injury to her ear while using an ear candle. According to Plaintiff, she purchased two ear candles from Wild Oats and then hired Kenney to perform an ear candling procedure utilizing the ear candles purchased from Wild Oats. Plaintiff contends that during the ear candling procedure, which took place on June 30, 2006, she suffered a burn to her right inner ear, which caused damage to her ear and resulted in hearing loss. Wild Oats has asserted cross-claims against Wally's and United for indemnification.

On February 4, 2009, Plaintiff served her expert identification, disclosing Dr. Richard Wiet as her sole expert retained or specially employed by Plaintiff.[1] Over a year later, Kenney filed her Motion to Strike on July 7, 2010, which was later joined by Wally's and United on July 20, 2010, and Wild Oats on July 27, 2010. Kenney, Wally's, United and Wild Oats (collectively referred to herein as "the moving parties") all ask the Court to strike Plaintiff's expert identification or, in the alternative, to limit the expert testimony at trial. In support of this requested relief, the moving parties argue that Plaintiff's expert identification fails to meet the requirements of Fed. R. Civ. P. 26(a)(2)(B), and thus Plaintiff's expert identification should be stricken under Fed. R. Civ. P. 37(c)(1).

## II. STANDARDS

Fed. R. Civ. P. 26(a)(2)(B) requires a party's expert disclosure to "be accompanied by a

---

[1] Pl.'s Expert Identification (ECF No. 30).

written report . . . if the witness is one retained or specially employed to provide expert testimony."[2] The report is required to contain certain information, including a statement of the expert witness's opinions, the basis and reasons for those opinions, and a description of the information considered by the expert witness in forming his or her opinions.[3] The moving parties argue that Plaintiff's expert report fails to meet all of the requirements set forth in Fed. R. Civ. P. 26(a)(2)(B). The moving parties therefore argue that the report should be stricken pursuant to Fed. R. Civ. P. 37(c)(1), which provides,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.[4]

With these standards in mind, the Court turns to the moving parties' respective motions.

## III. DISCUSSION

Plaintiff argues that the motions should be denied because they are not timely, and no attempt was made to meet and confer with Plaintiff before the motions were filed as is required under D. Kan. Rule 37.2. In response, the moving parties argue that the motions are timely because they were filed within the deadline for filing motions challenging the admissibility of expert testimony set forth in the Scheduling Order (ECF No. 82), which was August 6, 2010.[5] The moving

---

[2] Fed. R. Civ. P. 26(a)(2)(B).

[3] Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

[4] Fed. R. Civ. P. 37(c)(1).

[5] This deadline was later extended in an amended scheduling order. However, this fact is of no consequence in deciding the moving parties' respective motions.

3

parties further argue that the conference requirements set forth in D. Kan. Rule 37.2 are not applicable to motions to strike expert disclosures.

The Court concludes that the moving parties are relying on the wrong deadline. The moving parties are correct that, under the Scheduling Order (ECF No. 82) applicable at the time the motions were filed, August 6, 2010, was the deadline for filing motions seeking to exclude testimony of expert witnesses pursuant to Fed. R. Civ. P. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law. However, the motions now before the Court do not seek to exclude Dr. Wiet's testimony on such grounds. Rather, the motions concern technical objections related to the sufficiency of Plaintiff's expert's report under Fed. R. Civ. P. 26(a)(2)(B). The Court must therefore determine whether the motions were filed within the deadline for motions challenging expert reports under Fed. R. Civ. P. 26(a)(2)(B).

The scheduling order entered in this case, and each amended scheduling order, have all clearly explained the deadline for filing motions under Fed. R. Civ. P. 26(a)(2)(B) challenging the sufficiency of Plaintiff's expert report. A review of these scheduling orders reveals that the moving parties were actually required to take several steps before filing their motions. Generally speaking, each scheduling order entered in this case has required the parties to first serve any technical objections to the expert disclosure (which includes objections that all of the information required by Fed. R. Civ. P. 26(a)(2)(B) has not been provided) within 11 days after service of the disclosures upon them. Then, if these technical objections are served, counsel for the parties are required to confer or make a reasonable effort to confer before filing any motion based on the technical objections. Finally, any motion to compel, if necessary, must be filed and served within 30 days of

4

the default or service of the response, answer or objection which is the subject of the motion. The Scheduling Order (ECF No. 13) applicable at the time of Plaintiff's expert disclosure sets out this required sequence in detail:

> The parties shall serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (*e.g.*, whether all of the information required by Rule 26(a)(2)(B) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections. As noted below, any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown; otherwise, the objection to the default, response, answer, or objection shall be deemed waived.[6]

The Court must therefore determine whether the moving parties (1) timely served their technical objections, (2) conferred or attempted to confer with Plaintiff before filing their motions, and (3) then timely filed their motions.

**1.      Technical Objections**

Plaintiff served her expert identification on February 4, 2009. Under the Scheduling Order (ECF No. 13), Kenney and Wild Oats had 11 days after February 4, 2009 to serve any objections to Plaintiff's expert identification. The Court has reviewed the entire record in this case, and cannot

---

[6] Scheduling Order (ECF No. 13) at 5-6. Although the Court has amended the scheduling order in this case several times, each amended scheduling order contains this same form language.

find any record of objections ever being served on Plaintiff by Kenney or Wild Oats. The Court thus concludes that Kenney and Wild Oats did not timely serve and therefore preserve such objections.

In addition, the Court notes that Wally's and United were joined in this action after Kenney and Wild Oats. Under the Scheduling Order (ECF No. 52) entered after Wally's and United joined the case, Plaintiff was given until August 11, 2009 to disclose her experts, and the deadline for technical objections to expert disclosures was 11 days after service of the disclosures. However, even assuming *arguendo* that, under the Scheduling Order (ECF No. 52), Wally's and United would have had additional time to object to Plaintiff's expert disclosure, the Court cannot find any record of such objections *ever* being served by Wally's or United. The Court thus concludes that Wally's and United did not timely serve and therefore preserve such objections.

2.  **Conference Requirements**

Even if the moving parties had timely served their technical objections to Plaintiff's expert report, it is clear that they did not, as required by the applicable scheduling orders, confer or make a reasonable effort to confer with Plaintiff consistent with the requirements of D. Kan. Rule 37.2 before filing their motions. In fact, the moving parties essentially admit that no attempt was made to meet and confer before the motions were filed because they did not believe they were required to confer with Plaintiff before the motions were filed. The Court therefore concludes that the moving parties did not satisfy the conference requirements before filing their motions.

3.  **Timeliness of the Motions**

Finally, even if the moving parties had timely served their technical objections and satisfied the conference requirements, they did not timely file their motions. The scheduling orders entered in this case all required the moving parties' respective motions to be filed within 30 days of the

default or service of the response, answer, or objection which is the subject of their motions. Plaintiff's expert disclosures were served on February 4, 2009. The moving parties waited until July 2010 to file their motions. This is well beyond the 30-day deadline set forth in the applicable scheduling orders. The Court thus concludes that the motions are untimely.

## IV. CONCLUSION

In light of the foregoing, the Court concludes that the motions were all untimely and thus declines to consider Kenney's Motion to Strike, as well as the motions joining in Kenney's Motion to Strike filed by Wally's and United, and Wild Oats.

**IT IS THEREFORE ORDERED** that Defendant Karen S. Kenney's Motion to Strike Plaintiff's Expert Identification (Document 30) and/or to Limit Expert Testimony (ECF No. 102) is denied.

**IT IS FURTHER ORDERED** that Cross-Claim Defendants Wally's Natural Products, Inc.'s and United Natural Foods, Inc.'s Motion to Strike Plaintiff's Expert Identification and/or to Limit Expert Testimony (ECF No. 112) is denied.

**IT IS FURTHER ORDERED** that Wild Oats Markets, Inc.'s Motion to Strike Plaintiff's Expert Identification and/or to Limit Expert Testimony (ECF No. 123) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 28th day of February 2011.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties