DJW/2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANNE F. DANAHER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **Case No: 08-cv-2293-DJW** |
| **WILD OATS MARKETS, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

Pending before the Court are two motions: (1) the Motion to Exclude Certain Testimony of Dr. Richard Wiet (ECF No. 126) filed by Cross-Claim Defendants Wally's Natural Products, Inc.'s ("Wally's") and United National Foods, Inc.'s ("United"), and (2) the Motion to Limit the Testimony of Dr. Richard J. Wiet (ECF No. 130) filed by Defendant and Cross-Claim Plaintiff Wild Oats Markets, Inc. ("Wild Oats").

Plaintiff's expert identification, served on February 4, 2009, includes a 12 paragraph statement signed by her expert, Dr. Richard Wiet. This statement sets forth Dr. Wiet's opinions. Wally's, United, and Wild Oats, through their respective motions, all seek to preclude Dr. Wiet from testifying to the opinions identified in paragraphs 10, 11 and 12 of Dr. Wiet's statement.

The motions filed by Wally's and United and Wild Oats are substantially similar and seek the same relief. As a result, Plaintiff, in her response to Wild Oats' motion, adopts and incorporates her response to the motion filed by Wally's and United. Consequently, the Court will consider and analyze the two motions together. In addition, the Court will refer to Wally's, United, and Wild Oats collectively herein as "the moving parties."

**I.   BACKGROUND**

This is a negligence/product liability action in which Plaintiff alleges that she sustained an injury to her ear while using an ear candle.  According to Plaintiff, she purchased two ear candles from Wild Oats and then hired Kenney to perform an ear candling procedure utilizing the ear candles purchased from Wild Oats.  Plaintiff contends that during the ear candling procedure, which took place on June 30, 2006, she suffered a burn to her right inner ear, which caused damage to her ear and resulted in hearing loss.  Wild Oats has asserted cross-claims against Wally's and United for indemnification.

On February 4, 2009, Plaintiff served her expert identification, disclosing Dr. Richard Wiet as her sole expert retained or specially employed by Plaintiff.[1]  Dr. Wiet is an otolaryngologist, which is a physician specializing in diagnosing and treating diseases of the head and neck, especially those involving the ears, nose, and throat.  Plaintiff's expert identification includes a 12 paragraph statement signed by Dr. Wiet, setting forth his opinions.  The moving parties, through their motions, only challenge Dr. Wiet's ability to render the opinions identified in paragraphs 10, 11, and 12 of the statement, all of which concern ear candles:

> 10.   Ear candles and the practice of ear candling are of no use or benefit in the treatment of any condition or illness involving the human ear.
> 11.   Ear candles are unreasonably dangerous products because of the potential for damage to the structure of the middle ear associated with their use.
> 12.   Ear candles are not reasonably safe for the use apparently intended by the manufacturers and sellers of such products because of the potential damage to the structures of the middle ear associated with their use.[2]

---

[1] Pl.'s Expert Identification (ECF No. 30).

[2] *Id.* at 3.

The moving parties argue that these opinions do not meet the standards for the admissibility of expert testimony. Specifically, they argue that Dr. Wiet does not possess the requisite knowledge, skill, experience, training or education in the field of ear candles or ear candling, that Dr. Wiet's product liability testimony is not based on scientifically-valid reasoning or methodology, that Dr. Wiet has not identified the existence of any reliable methods or principles, and therefore cannot apply them reliably to the facts of this case, and Dr. Wiet's practice history does not qualify him as an expert regarding product defects. In support of their arguments, the moving parties direct the Court's attention to Dr. Wiet's deposition testimony concerning his lack of training, education, experience and knowledge regarding ear candles and the practice of ear candling. This deposition testimony will be discussed in detail below.

## II.   STANDARDS

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.[3]

Thus, in determining whether an expert opinion is admissible, the Court conducts a two-step analysis. "First, the court must determine whether the expert is qualified by 'knowledge, skill, experience, training, or education' to render an opinion. [] Second, if the expert is sufficiently

---

[3] Fed. R. Evid. 702.

qualified, the court must determine whether the expert's opinion is reliable under the principles set forth in *Daubert*."[4]

"To be reliable under *Daubert*, an expert's scientific testimony must be based on scientific knowledge, which 'implies a grounding in the methods and procedures of science' based on actual knowledge, not mere 'subjective belief or unsupported speculation.'"[5] "In other words, 'an inference or assertion must be derived by the scientific method . . . [and] must be supported by appropriate validation- i.e. 'good grounds,' based on what is known.'"[6] The Supreme Court, in *Daubert*, listed four nonexclusive factors for the court to consider in assessing reliability: "(1) whether the opinion at issue is susceptible to testing and has been subjected to such testing; (2) whether the opinion has been subjected to peer review; (3) whether there is a known or potential rate of error associated with the methodology used and whether there are standards controlling the technique's operation; and (4) whether the theory has been accepted in the scientific community."[7] "As noted, the list is not exclusive, and district courts applying *Daubert* have broad discretion to consider a variety of other factors."[8]

---

[4] *103 Investors I, L.P. v. Square D. Co.*, 470 F.3d 985, 990 (10th Cir. 2006) (internal citations omitted).

[5] *Goebel v. Denver & Rio Grande W. R.R. Co.*, 346 F.3d 987, 991 (10th Cir. 2003) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993))

[6] *Id.* (quoting *Daubert*, 509 U.S. at 590).

[7] *Id.* at 991-92 (citing *Daubert*, 509 U.S. at 593-94).

[8] *Id.* at 992 (citing *Kumho Tire Co. v. Carmichael*, 526 U.S 137, 150 (1999)).

In analyzing the moving parties' motions under these standards, the Court bears in mind that Plaintiff has the burden of proving that Dr. Wiet is qualified to render an expert opinion.[9]

## III.   ANALYSIS

The moving parties argue that Dr. Wiet does not meet the first prong of admissibility under Rule 702 because he is not qualified by "knowledge, skill, experience, training, or education" to render the opinions set forth in paragraphs 10, 11, and 12.  In these paragraphs, Dr. Wiet opined that ear candles are of no use or benefit in the treatment of any condition or illness, ear candles are unreasonably dangerous, and ear candles are not reasonably safe for the apparent use intended by the manufacturers and sellers of ear candles.  In determining whether Dr. Wiet is qualified to render his opinions set forth in paragraphs 10, 11, and 12, the Court has reviewed Dr. Wiet's entire deposition transcript, as well as his curriculum vitae, which is attached to Plaintiff's expert identification (ECF No. 30).[10]  Based on this information, the Court makes the following findings concerning Dr. Wiet's knowledge, skill, experience, training or education with respect to ear candles.

1. Dr. Wiet has no formal training in terms of classes or education in the design, manufacture, or construction of ear candles.[11]

---

[9] *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 n.4 (10th Cir. 2001) (citations omitted).

[10] Dr. Wiet's deposition transcript, dated July 28, 2010, is attached, in its entirety, as Ex. A to Cross-Claim Defs. Wally's Natural Products, Inc.'s and United National Foods, Inc.'s Mot. to Exclude Certain Testimony of Dr. Richard Wiet (ECF No. 126) (referred to herein as "Wiet Depo").

[11] Wiet Depo at p. 8, ll. 9-12.

2. Dr. Wiet has not had any kind of courses after his formal education dealing with the design, construction, or manufacture of ear candles.[12]

3. Dr. Wiet has never been involved in any type of research, investigation or analysis of ear candles.[13]

4. Dr. Wiet has not had any education or training, and has not acquired any specialized knowledge, with regard to the components or the raw materials involved in the design, construction, or manufacture of ear candles.[14]

5. Dr. Wiet has not had any kind of education or training, and has not acquired any specialized knowledge, with regard to the process involved in the design, construction, or manufacture of ear candles.[15]

6. Dr. Wiet has not had any kind of training, and has not acquired any specialized knowledge or experience with regard to the quality control of ear candles.[16]

7. Dr. Wiet does not have any education, experience, training or specialized knowledge as to what a retailer should or should not do with regard to the sale or distribution of ear candles.[17]

8. Dr. Wiet does not have any education, experience, training or special knowledge as to what a retailer should or should not do with regard to warnings or instructions to accompany ear candles.[18]

---

[12] *Id.* at p. 9, ll. 2-6.

[13] *Id.* at p. 9, ll. 7-10.

[14] *Id.* at p. 9, ll. 11-16.

[15] *Id*. at p. 9, ll. 17-22.

[16] *Id.* at pp. 9-10, ll. 23-24, 1-2.

[17] Wiet Depo at p. 68, ll. 6-11.

[18] *Id.* at p. 68, ll. 12-17.

9. Dr. Wiet has never done any type of analysis, investigation or research regarding the design or manufacture of the specific ear candle or type of ear candle that was used in the ear candling procedure for Plaintiff.[19]

10. Dr. Wiet has never done any type of specific research, analysis, or investigation concerning the raw materials, the components, or anything else that has to do with the specific ear candle used in the ear candling procedure for Plaintiff.[20]

11. Dr. Wiet has never inspected, examined or otherwise viewed ear candles, although he did see a model of the ear candle used in Plaintiff's ear candling procedure provided by Plaintiff's counsel before Dr. Wiet's deposition.[21] In addition, it appears that Dr. Wiet has seen about three ear candles when people would bring an ear candle into his office.[22]

12. Dr. Wiet is unaware of the representations or warranties that were associated with the use of the ear candle used in Plaintiff's ear candling procedure.[23]

13. Dr. Wiet has never done any kind of analysis, investigation or assessment of the differences between the design and manufacture of various ear candles.[24]

14. Dr. Wiet has never done any kind of analysis, investigation, or assessment of alternative designs involving ear candles.[25]

15. Dr. Wiet has little or no knowledge of the actual components of an ear candle.[26]

---

[19] *Id.* at p. 25, ll. 9-14.

[20] *Id.* at p. 25, ll. 15-21.

[21] *Id.* at p. 25, ll. 22-24; pp. 29-30, ll. 19-24, 1-5.

[22] *Id.* at p. 30, ll. 6-19.

[23] Wiet Depo at pp. 59-60, ll. 20-24, 1-2.

[24] *Id.* at p. 26, ll. 4-9.

[25] *Id.* at p. 28, ll. 6-10.

[26] *Id.* at pp. 48-49, ll. 6-12, 22-24, 1-19.

16.  Dr. Wiet has never seen an ear candle burn.[27]

17.  Dr. Wiet's opinions expressed in his 12 paragraph statement, dated February 4, 2009, are based upon his conversations with Plaintiff's counsel, his review of Plaintiff's medical records, his treatment in the last 10 years of three patients who sustained burn injuries after using an ear candle, and upon similar experiences relayed to him by his colleagues. Dr. Wiet did not review any other documents or written materials before drafting and signing his 12 paragraph statement containing his opinions.[28]

18.  With respect to the three patients, Dr. Wiet only has a vague memory of how they were injured due to the ear candling procedure.[29]

19.  With respect to the three patients, Dr. Wiet has no information as to who the manufacturer was with regard to the ear candles in those three instances.[30]

20.  With respect to the three patients, Dr. Wiet has no information about the design, the construction, or the retailer of the ear candles involved in those three instances.[31]

21.  The articles and publications relied upon by Dr. Wiet to support his opinions were all obtained in the week before his deposition, which was taken on July 28, 2010.[32] Thus, Dr. Wiet did not review these articles and publications before reaching his opinions in the 12 paragraph statement dated February 4, 2009.[33]

22.  The articles and publications relied upon by Dr. Wiet to support his opinions do not have anything to do with the design, construction, or manufacture of ear candles, nor do they have anything to do with the components used in ear candles.[34]

---

[27] *Id.* at p. 50, ll. 6-15.

[28] *Id.* at pp. 19-21, ll. 21-24, 1-24, 1-8; p. 37, ll. 11-18.

[29] Wiet Depo at p. 37, ll. 19-24.

[30] *Id.* at p. 38, ll. 12-19.

[31] *Id.* at p. 38, ll. 20-23.

[32] *Id.* at pp. 10-12, ll. 3-24, 1-24, 1-23.

[33] *Id.* at p. 104, ll. 9-15.

[34] *Id.* at p. 25, ll. 2-8.

8

23. Dr. Wiet has a memory of reading other articles and publications about ear candling before reaching his opinions on February 4, 2009, but he cannot recall exactly what he has reviewed. Rather, he has simply recalls seeing articles from time to time.[35]

24. Dr. Wiet has never been qualified as an expert in any litigation as a person that is qualified to render opinions concerning ear candles.[36]

25. Other than this litigation, Dr. Wiet has never given any deposition testimony with regard to ear candles.[37]

26. Dr. Wiet has never been retained in any other litigation involving ear candles.[38]

27. Dr. Wiet has never been retained or given any testimony with regard to a product that he believes is comparable to an ear candle.[39]

28. Dr. Wiet is not aware of how many ear candles are manufactured annually in the United States.[40]

29. Dr. Wiet is not aware of how many ear candles are sold or otherwise distributed in the United States.[41]

In light of these facts, the Court concludes that Dr. Wiet's opinions concerning ear candles expressed in paragraphs 10, 11, and 12 are not admissible under Fed. R. Evid. 702 because Dr. Wiet does not possess the requisite "knowledge, skill, experience, training, or education" with respect to ear candles or ear candling. Although it is clear that Dr. Wiet believes ear candles are not safe for use, he is simply not qualified to render such an opinion. Dr. Wiet has no special knowledge, skill,

---

[35] Wiet Depo at p. 105, ll. 1-7.

[36] *Id.* at p. 28, ll. 17-21.

[37] *Id.* at p. 28, ll. 22-24.

[38] *Id.* at p. 29, ll. 1-4.

[39] *Id.* at p. 29, ll. 9-13.

[40] *Id.* at p. 39, ll. 6-11.

[41] Wiet Depo at p. 39, ll. 12-19.

9

experience, training or education with respect to ear candles or ear candling.  He has no special knowledge, skill, experience, training or education with respect to the design, manufacture, or construction of ear candles.  He has never performed any tests on ear candles.  Dr. Wiet has never seen an ear candle burn, and he has apparently only seen three ear candles in his 30 years of practice.  In addition, Dr. Wiet has little or no knowledge of the components that constitute an ear candle.  The few articles that Dr. Wiet has reviewed concerning ear candling were either reviewed long before he reached his opinions on February 4, 2009 and he cannot recall those articles, or they were obtained the week before his deposition in order to bolster the opinions he submitted over a year before his deposition.  With respect to the three patients he has seen who were injured from ear candling procedures, Dr. Wiet only has a vague memory of how they were injured due to the ear candling procedure.

Accordingly, the Court concludes that Dr. Wiet is not a qualified expert with respect to ear candles and ear candling, and therefore his opinions in paragraphs 10, 11, and 12 are not admissible under Fed. R. Evid. 702.

**IV.   CONCLUSION**

For the foregoing reasons, the moving parties' motions are granted, and Dr. Wiet shall be prohibited from testifying as to the following:

10. Ear candles and the practice of ear candling are of no use or benefit in the treatment of any condition or illness involving the human ear.
11. Ear candles are unreasonably dangerous products because of the potential for damage to the structure of the middle ear associated with their use.
12. Ear candles are not reasonably safe for the use apparently intended by the manufacturers and sellers of such products because of the potential damage to the structures of the middle ear associated with their use.

**IT IS THEREFORE ORDERED** that Cross-Claim Defendants Wally's Natural Products, Inc.'s and United National Foods, Inc.'s Motion to Exclude Certain Testimony of Dr. Richard Wiet (ECF No. 126) is granted.

**IT IS FURTHER ORDERED** that the Motion to Limit the Testimony of Dr. Richard J. Wiet (ECF No. 130) filed by Defendant and Cross-Claim Plaintiff Wild Oats Markets, Inc. is granted.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 28th day of February 2011.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties