# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANNE F. DANAHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) Case No: 08-cv-2293-DJW |
| WILD OATS MARKETS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is Cross-Claim Defendants Wally's Natural Products, Inc.'s and United Natural Foods, Inc.'s Motion to Dismiss Cross-Claims (ECF No. 100). Defendant and Cross-Claim Plaintiff Wild Oats Markets, Inc. ("Wild Oats") has asserted two cross-claims against Wally's Natural Products, Inc. ("Wally's") and United Natural Products, Inc. ("United"): (1) comparative implied indemnity and (2) implied contractual indemnity. Wally's and United ask the Court to dismiss both of Wild Oats' cross-claims. However, because Wally's and United have already filed their answer to the cross-claims, the Court construes their Motion as a motion for judgment on the pleadings.[1]

For the reasons set forth below, the Motion is granted in part and denied in part.

## I. BACKGROUND

This is a negligence/product liability action in which Plaintiff Anne F. Danaher alleges that she sustained an injury to her ear while using an ear candle. Plaintiff filed her Complaint (ECF No. 1) on June 27, 2008 against Wild Oats and Karen S. Kenney ("Kenney"). In her initial Complaint,

---

[1] *See* Fed. R. Civ. P. 12(c); *Harlow v. Sprint Nextel Corp.*, 1225 (D. Kan. 2008) (construing the defendant's motion to dismiss as a motion for judgment on the pleadings because the defendant had already filed its answer).

Plaintiff alleged that she purchased two ear candles from Wild Oats, and then hired Kenney to perform an ear candling procedure utilizing the ear candles purchased from Wild Oats. Plaintiff further alleged that during the ear candling procedure, which took place on June 30, 2006, she suffered a burn to her right inner ear, which caused damage to her ear and resulted in hearing loss.

Plaintiff filed her First Amended Complaint (ECF No. 32) on February 18, 2009, adding Wally's and United as defendants in this action. Plaintiff again alleged that she purchased the ear candles from Wild Oats, that she hired Kenny to perform an ear candling procedure, and that she was injured during the procedure on June 30, 2006. In addition, Plaintiff alleged, *inter alia*, that Wally's designed and manufactured the ear candles, which were then distributed in the stream of commerce by United. Plaintiff asserted claims against Wally's and United for strict liability in tort, negligence, and breach of implied warranties of merchantability and fitness for a particular purpose.

Wild Oats then filed its Cross-Claim (ECF No. 57) against Wally's and United, alleging that if Wild Oats is found liable to Plaintiff, then Wild Oats is entitled to comparative implied indemnity and implied contractual indemnity from Wally's and United for any judgment which Wild Oats may be ordered to pay Plaintiff as a result of the claims asserted in Plaintiff's First Amended Complaint. Wally's and United filed their Answer to Wild Oats' Cross-Claim (ECF No. 62) on August 20, 2009.

Wally's and United then moved to dismiss Plaintiff's claims against them (ECF No. 54), and on December 10, 2009, the Court granted in part their motion to dismiss. The Court dismissed without prejudice Plaintiff's claims against Wally's and United on the grounds that the claims were barred by the applicable statute of limitations. However, the Court allowed Plaintiff the opportunity to seek leave to file an amended complaint in order to include allegations that Wally's and United

were equitably estopped from asserting the statute of limitations affirmative defense. Plaintiff eventually sought such leave, which the Court denied on the grounds that the amendment would be futile (ECF No. 84). Thus, the only claims currently pending against Wally's and United are Wild Oats' cross-claims for comparative implied indemnity and implied contractual indemnity.

## II.  STANDARDS

As explained above, because Wally's and United have filed their answer to Wild-Oats' cross-claims, the Court construes their motion to dismiss as a motion for judgment on the pleadings.

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standards as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[2] In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief.[3] To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[4] The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief.[5]

## III.  ANALYSIS

Wild Oats asserts two cross-claims against Wally's and United: (1) comparative implied indemnity and (2) implied contractual indemnity. The parties agree that Kansas law applies to these

---

[2] *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) (citations omitted).

[3] *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949-50 (2009).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[5] *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

3

claims.

    A.     **Comparative Implied Indemnity**

"'Comparative implied indemnity' is an equitable remedy available to a single defendant, among a number of tortfeasors, who by settling with the plaintiff or paying a judgment, pays the other tortfeasors' share of liability."[6] Wally's and United argue that there can be no comparative implied indemnity because the statute of limitations on Plaintiff's claims against them have run and consequently they are not at risk of having to pay Plaintiff for any of their own alleged damages. Wally's and United point out, as mentioned above, that this Court previously dismissed Plaintiff's claims against them on the grounds that Plaintiff's claims are barred by the applicable statute of limitations. The Court then denied Plaintiff's motion seeking leave to file an amended complaint in order to include allegations that Wally's and United were equitably estopped from asserting the statute of limitations affirmative defense on the grounds that such amendment would be futile.

Wally's and United rely on *Schaefer v. Horizon Building Corporation*[7] in support of their argument that there can be no comparative implied indemnity where the statute of limitations has run on Plaintiff's claims against them. Wild Oats disagrees with the interpretation of the *Schaefer* decision by Wally's and United, arguing that the *Schaefer* court never reached the statute of limitations issue. The Court concludes that the best place to turn for an interpretation of the *Schaefer* decision is the Kansas Supreme Court.

While addressing the issue of Kansas' one-action rule, the Kansas Supreme Court discussed and analyzed the *Schaefer* decision in *Dodge City Implement, Inc. v. Board of County Commission-*

---

[6] *Schaefer v. Horizon Bldg. Corp.*, 26 Kan.App.2d 401, 403 (1999).

[7] *Id.*

4

*ers of the County of Barber*.[8] The Kansas Supreme Court described the *Schaefer* decision as follows:

> In *Schaefer*, homeowners sued the general contractor and "John Doe" for remedial cement work performed on their home. The general contractor settled the claims and subsequently brought a third-party comparative implied indemnity claim against the subcontractor. This court recognized that comparative implied indemnity is "an equitable remedy available to a single defendant, among a number of tortfeasors, who by settling with the plaintiff or paying a judgment, pays the other tortfeasors' share of liability." 26 Kan.App.2d at 403, 985 P.2d 723. Nevertheless, *the court held that the general contractor did not have a valid comparative implied indemnity claim against the subcontractor because the subcontractor was not at risk of suit as the statute of limitations on the homeowners' claims had expired.* 26 Kan.App.2d at 403, 985 P.2d 723. The [*Schaefer*] court held:
>
>> "In order to prevail on a claim for partial indemnity or contribution against a third-party defendant, the settlor must show it actually paid damages on behalf of that third party. *If the third party was never at risk of having to pay for its own damages, the settlor cannot show it benefitted the third-party defendant, and the value of its contribution claim is zero.*" 26 Kan.App.2d 401, Syl. ¶ 2, 985 P.2d 723.
>
> * * *
>
> [T]his court in *Schaefer* based its dismissal of the plaintiff's claim on the fact that the *third-party defendant was no longer at risk of suit because the statute of limitations had expired.* 26 Kan.App.2d at 403, 985 P.2d 723.[9]

In light of the Kansas Supreme Court's interpretation of the *Schaefer* decision in *Dodge City*, this Court holds that, under Kansas law, there can be no comparative implied indemnity against Wally's and United where the statute of limitations has run on Plaintiff's claims against them and, consequently, they are not at risk of having to pay for their own alleged damages. The Court therefore concludes that the Motion, with respect to Wild Oats' cross-claim for comparative implied

---

[8] 288 Kan. 619 (2009).

[9] *Id.* at 634-35, 636 (quoting *Schaefer*, 26 Kan.App.2d at 401, 403) (emphasis added).

indemnity, should be granted because Wild Oats' allegations, taken as true, do not demonstrate that Wild Oats has asserted a plausible claim for comparative implied indemnity.

### B. Implied Contractual Indemnity

Under Kansas law, there are two types of contractual indemnification, express and implied.[10] Wild Oats asserts a claim against Wally's and United for implied contractual indemnification, which arises "when one party without fault is compelled to pay for the tortious acts of another."[11] Wally's and United argue that implied contractual indemnity does not apply in this case. According to Wally's and United, in Kansas, an action for implied contractual indemnity only arises where an employer/employee or principal/agent relationship exists. Wally's and United rely on *St. Paul Fire and Marine Insurance Company v. Tyler*,[12] in support of this argument.

In *St. Paul*, the Court of Appeals of Kansas explained implied contractual indemnity as follows:

> [I]mplied indemnity is used in cases involving an employer/employee relationship or principal/agent relationship. The concept behind the doctrine of implied indemnity is that the party whose actual negligence caused the damages should be required to pay back any sums the passively negligent party's insurance company has had to pay.[13]

Wally's and United therefore argue that because there is no employer/employee or principal/agent relationship between Wild Oats and Wally's and United, Wild Oats cannot maintain a claim for implied contractual indemnity against them. However, the Court notes that the *St. Paul* court did

---

[10] *Haysville U.S.D. No. 261 v. GAF Corp.*, 233 Kan. 635, 642 (1983).

[11] *Bick v. Peat Marwick & Main*, 14 Kan.App.2d 699, 708 (1990).

[12] 26 Kan.App.2d 9 (1999)

[13] *Id.* at 15.

not *limit* implied contractual indemnity claims to employer/employee and principal/agent relationships, but rather simply stated that the theory of implied contractual indemnity is *used* in cases involving these relationships. Indeed, the Court notes that the *St. Paul* court went on to quote other Kansas cases where the courts explained that the theory of implied contractual indemnity is *typically* found in cases where an employer/employee or principal/agent relationship exists.

The Court concludes that Kansas courts have not limited implied contractual indemnity to cases where a employer/employee or principal/agent relationship exists. This Court reached the same conclusion in *Hartford Fire Insurance Company v. P & H Cattle Company*.[14] In *Hartford*, the Court explained, "The Court has found no case limiting implied contractual indemnity claims to principal/agent and employer/employee relationships. Instead the cases simply note that an implied indemnity claim is typically found in the situation where the parties have a principal/agent or employer/employee relationship."[15] Wally's and United have not pointed to any cases, and the Court has not found any cases, which lead the Court to change the conclusion it reached in *Hartford*.

Having found that Kansas courts have not limited implied contractual indemnity claims to employer/employee and principal/agent relationships, the Court turns to Wild Oats' cross-claim against Wally's and United for implied contractual indemnity. Assuming all of Wild Oats' well-pleaded factual allegations as true, the Court finds that they plausibly give rise to an entitlement of relief under a claim for implied contractual indemnity. The Court thus concludes that the Motion, with respect to Wild-Oats' cross-claim for implied contractual indemnity, must be denied.

---

[14] No. Civ. A. 05-2001-DJW, 2005 WL 3576939 (D. Kan. Dec. 29, 2005).

[15] *Id.* at 3 (citations omitted).

7

**IT IS THEREFORE ORDERED** that Cross-Claim Defendants Wally's Natural Products, Inc.'s and United Natural Foods, Inc.'s Motion to Dismiss Cross-Claims (ECF No. 100) is granted in part and denied in part. The Motion is granted with respect to Wild Oats' cross-claim for comparative implied indemnity. The Motion is denied with respect to Wild Oats' cross-claim for implied contractual indemnity.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 9th day of March 2011.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties