**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ANNE F. DANAHER, ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 08-2293-DJW |
| WILD OATS MARKETS, INC. et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Karen S. Kenney's Motion for Summary Judgment (ECF No. 129). Defendant Karen Kenney ("Kenney") asks the Court to enter summary judgment in her favor on Plaintiff's negligence claim. For the reasons explained below, the Motion is denied.

**I. BACKGROUND**

This is a negligence/product liability action in which Plaintiff alleges that she sustained an injury to her ear while using an ear candle. According to Plaintiff, she purchased two ear candles from Defendant and Cross-Claim Plaintiff Wild Oats Markets, Inc. ("Wild Oats"), and then hired Kenney to perform an ear candling procedure utilizing the ear candles purchased from Wild Oats. Plaintiff contends that during the ear candling procedure, which took place on June 30, 2006, she suffered a burn to her right inner ear, which caused damage to her ear and resulted in hearing loss. Plaintiff alleges that Kenney was negligent in conducting the ear candling procedure, and that she suffered damages as a result.

Kenney now moves for summary judgment on Plaintiff's negligence claim, arguing that the claim must fail because Plaintiff did not provide any expert testimony on the applicable standard of care for ear candling and Kenney's alleged deviation from that standard.

## II.     SUMMARY JUDGMENT STANDARD[1]

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it "is entitled to judgment as a matter of law."[2] In applying this standard, the court views the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the nonmoving party.[3] "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[4] "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim."[5] When examining the underlying facts of the case, the Court is cognizant that all inferences must be viewed in the light most favorable to the nonmoving party[6] and that it may not make credibility determinations or weigh the evidence.[7]

---

[1] The Court notes that the current version of Fed. R. Civ. P. 56 became effective December 1, 2010. However, because Kenney's motion for summary judgment was filed before December 1, 2010, the Court will refer to and apply the rule as it existed at the time the motion was filed.

[2] Fed. R. Civ. P. 56(c)(2).

[3] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Hirase-Doi v. U.S. West Commc'ns, Inc.*, 61 F.3d 777, 781 (10th Cir. 1995)).

[4] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[5] *Id.* (citing *Anderson*, 477 U.S. at 248).

[6] *Matsushita*, 475 U.S. at 587.

[7] *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008) (citations omitted).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[8]  In attempting to meet that standard, a moving party that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the moving party need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[9]  In such cases, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."[10]

If the moving party carries this initial burden, then the nonmovant that would bear the burden of persuasion at trial may not simply "rest upon his or her pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof."[11]  To accomplish this, "sufficient evidence [] pertinent to the material issue [] must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein."[12]

---

[8] *Matsushita*, 475 U.S. at 587 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[9] *Id.* (citing *Celotex*, 477 U.S. at 325).

[10] *Celotex*, 477 U.S. at 323.

[11] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[12] *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002) (citations and quotations omitted).

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[13]

Because jurisdiction over this matter is based on diversity of citizenship between the parties, the court will apply the substantive law of the forum state.[14] The parties agree that Kansas law governs this dispute. Thus, in resolving Kenney's Motion, the Court will apply Kansas law.

## III. FACTS

The following material facts are uncontroverted, deemed admitted or, where disputed, viewed in the light most favorable to Plaintiff, the nonmovant.

Plaintiff brought this negligence action against Kenney after sustaining an injury to her right ear while using an ear candle. Ear candles are hollow, tapered tubes, consisting of cloth, usually linen, which are lightly waxed, and have no wick. The higher quality ear candles use beeswax or paraffin. In administering the ear candle, the narrow end of the cone shaped candle is placed through a plate guard in order to protect the client's hair and head. The client's head and face are also partially covered with a cloth for further protection. The narrow end of the candle is inserted comfortably in the ear not further than 1/8 inch. The wide end is lit, and burns down. As the candle burns down, the individual performing the ear candle procedure trims off the burned portion, when it reaches about an inch, or starts to come loose, and extinguishes it in a bowl of water.

Plaintiff purchased the ear candle involved in her injury from Wild Oats on June 28, 2003. In 2006, after possessing the unused ear candle for approximately three years, Plaintiff was having

---

[13] *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1) (quotations omitted).

[14] *Thom*, 353 F.3d at 851 (citations omitted).

discomfort in her right ear, which she attributed to water on the ear. Plaintiff called Wild Oats and asked if they could recommend someone to perform the ear candling procedure. Plaintiff was told that Wild Oats no longer carried ear candles and Plaintiff was referred to another health food store, The Herb Garden. When Plaintiff contacted The Herb Garden, she was referred to the owner's daughter, Kenney, for the ear candling procedure.

Plaintiff then called Kenney and made an appointment for the ear candling procedure to be performed at Kenney's house. Kenney charged Plaintiff $20.00 to perform the ear candling procedure, which was paid in advance. Plaintiff's understanding was that the ear candling process was intended to create suction or a siphon effect so that wax would come out of the ear. Plaintiff did not understand that the ear candles had wax on the inside and did not believe the procedure would burn her ear.

The ear candle Plaintiff purchased from Wild Oats, which Kenney used during the ear candling procedure, was kept in a clear, acrylic jar at the Wild Oats store, and it had no packaging, markings, written instructions or warnings of which Plaintiff is aware. Before conducting the ear candling procedure, Kenney informed Plaintiff that Kenney was not familiar with the ear candles Plaintiff brought with her for use in the procedure and that they appeared to have thicker wax on them than the ear candles Kenney was familiar with.

Kenney does not consider herself an expert on ear candling. The only instructions or guidance which Kenney had received on how to perform ear candling procedures came from her mother, who owns The Herb Garden, and from Mary Brown, an employee of The Herb Garden, as well as from reviewing an instruction pamphlet which is handed out at The Herb Garden. Kenney does not know where her mother or The Herb Garden obtained the instruction pamphlet. The

instruction pamphlet is titled, *A History of "Ear Candles"* and provides, "These authentic reproductions of the ancient so-called 'ear candles' are sold as novelty items only." The pamphlet further provides, "They [ear candles] make amusing birthday candles. The user is fully responsible for the use of the product, which is harmless when properly handled." In addition, the pamphlet with regard to "safety" states,

> Users kept water handy, because hot ash or sparks could fly from the top of the cone, which is one reason an assistant would observe while the cone burned. It was safer to lay the head on a table, or to lie down on a hard surface rather than on a bed or carpet, while using the cones. . . . Ear candles were handled with the same care and common sense people used with any candle or flame.

In performing the ear candling procedure, Kenney placed the ear candle through a hole in a piece of cardboard about the size of a dinner plate, and then inserted one end of the candle into the Plaintiff's right ear. Consistent with the instruction pamphlet obtained from The Herb Garden, Kenney placed Plaintiff with her head in a horizontal position and with the ear candle extending straight up and down. Thus, Plaintiff was lying on her left side, with the ear candle perpendicular to the floor. Kenney then lit the other end of the ear candle (which was separated from Plaintiff's ear by the cardboard), and allowed the ear candle to burn down to within three inches of the tip, at which time Plaintiff felt hot wax roll into her ear and she told Kenney that Kenney had burned her ear.

**IV.  DISCUSSION**

Kansas courts define negligence as "'the lack of ordinary care' or more specifically, 'the failure of a person to do something that a reasonably careful person would do, or the act of a person in doing something that a reasonably careful person would not do, measured by all the circumstances

then existing.'"[15]  "In a personal injury action based upon negligence, the plaintiff must prove the existence of a duty, breach of that duty, injury, and a causal connection between the duty breached and the injury suffered."[16]  The presence or absence of negligence is ordinarily a question of fact for the jury.[17]  However, the existence of a duty of care is a question of law for the court to determine.[18]

Kenney seeks summary judgment solely on the grounds that Plaintiff has not demonstrated the applicable standard of care or that Kenney deviated from that standard of care because Plaintiff has not offered any expert testimony on these issues.  Kenney disagrees with Plaintiff that the applicable standard of care is the common law duty of ordinary care.  Kenney argues that her duty was to use that degree of learning and skill ordinarily possessed and used by members of the ear candling profession and that school of ear candling in the community in which Kenney practiced, or in similar communities, and under like circumstances.[19]  Kenney therefore argues that expert testimony is required to establish the applicable standard of care in this case.  Kenney points out that Plaintiff did not offer any expert testimony as to the standard of care in administering ear candles or whether Kenney deviated from that standard of care.  Kenney thus claims that she is entitled to summary judgment on Plaintiff's negligence claim.

In sum, Kenney essentially makes three arguments:  (1) that a professional duty applies, as opposed to the common law duty of ordinary care, (2) that because a professional duty applies,

---

[15] *Elstun v. Spangles, Inc.*, 289 Kan. 754, 756 (2009) (citations and quotations omitted).

[16] *Id.* at 757 (citations and quotations omitted).

[17] *See id.; Smith v. Locke Supply Co.*, No. 98-2495-JWL, 1999 WL 1423070, at *2 (D. Kan. Dec. 21, 1999).

[18] *Elstun*, 289 Kan. at 757.

[19] Pretrial Order (ECF No. 128) at 9.

expert testimony is necessary to establish the applicable standard of care, and (3) the common knowledge exception to the rule concerning the need for expert testimony does not apply. Because the Court concludes that Kenney is not a professional, it need not address Kenney's second and third arguments concerning the need for expert testimony.

As noted above, the existence of a duty, is a question of law for the court. Kenney correctly points out that expert testimony is typically required to establish the standard of care in cases involving professional actions and whether the professional deviated from the standard of case.[20] Kenney relies on this rule in support of her argument that Plaintiff was required to provide expert testimony to establish the applicable standard of care in this case. In so arguing, Kenney asks the Court to interpret Plaintiff's claim against her as one for professional negligence and to consider Kenney a professional.

However, Plaintiff has not asserted a professional negligence claim against Kenney. In the Pretrial Order (ECF No. 128) entered in this case, which supersedes all pleadings and controls the subsequent course of the case, Plaintiff asserted a claim for negligence against Kenney, and argued that the applicable standard of care is the common law duty to exercise reasonable care to avoid injuries to others. In addition, Plaintiff, in her response to Kenney's Motion, continues to argue that she is not asserting a professional negligence claim, and that the duty of care owed by Kenney is a duty of ordinary care.

---

[20] *Moore v. Associated Material & Supply Co.*, 263 Kan. 226, 234-35 (1997) ("when plaintiffs are attempting to establish negligence based upon a departure from the reasonable standard of care in a particular profession, expert testimony is required to establish such a departure"); *Bi-State Dev. Co. v. Shafer, Kline & Warren, Inc.*, 26 Kan.App.2d 515, 518 (1999) ("Expert testimony is often required to establish the standard of care in cases involving professional actions and whether the professional deviated from the standard of care.") (citation omitted).

Furthermore, the Court finds no evidence to support Kenney's claim that she is a professional and therefore a standard other than the duty of ordinary care show apply. "A professional act or service, for purposes of a professional negligence action, is one arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual rather than physical or manual."[21] Kenney makes no attempt to explain to the Court why she should be considered a professional. Having reviewed the summary judgment record, the Court finds there is no evidence that Kenney has a career in ear candling, that she is a professional ear candler, or that she otherwise has any specialized knowledge or skill concerning ear candling. Rather, the evidence shows that Plaintiff was referred to Kenney by a woman at The Herb Garden, a store owned by Kenney's mother, and Kenney agreed to do the ear candling procedure for Plaintiff for $20.00. Kenney's only guidance on how to perform the ear candling procedure came from her mother, an employee of The Herb Garden, and an instruction pamphlet handed out at The Herb Garden. The Court concludes that this evidence falls far from demonstrating that Kenney is a professional.

The Court thus concludes that Kenney is not a professional and Plaintiff is not asserting a claim for professional negligence. Consequently, the Court holds that expert testimony is not necessary to establish the applicable standard of care or that Kenney deviated from that standard of care. The Court further holds that the applicable standard of care is the duty of ordinary care.

Kenney makes no other argument as to why she is entitled to summary judgment on Plaintiff's claim for negligence. The Court therefore denies Kenney's Motion.

---

[21] 65 C.J.S. *Negligence* § 160 (2011) (citations omitted).

**IT IS THEREFORE ORDERED** that Defendant Karen S. Kenney's Motion for Summary Judgment (ECF No. 129) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas this 9th day of March 2011.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties