**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ANNE F. DANAHER,** ) | |
|   ) | |
| **Plaintiff,** ) | |
|   ) | **CIVIL ACTION** |
| v. ) | |
|   ) | **Case No. 08-2293-DJW** |
| **WILD OATS MARKETS, INC., et al.,** ) | |
|   ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

Jury trial of this case commenced on July 11, 2011. At the close of Plaintiff's evidence on July 12, 2011, Defendant Wild Oats Markets, Inc. ("Wild Oats") moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) on all Plaintiff's claims against it. For the reasons set forth at trial and further explained below, the Court grants Defendant Wild Oats' Motion for Judgment as a Matter of Law Pursuant to Rule 50 (ECF No. 187).

**I.      BACKGROUND**

This is a negligence/product liability action in which Plaintiff alleges that she sustained an injury to her ear while undergoing an ear candling procedure. According to Plaintiff, she purchased two ear candles from Defendant Wild Oats on June 28, 2003, and then hired Defendant Karen Kenney to perform an ear candling procedure utilizing the ear candles purchased from Wild Oats. Plaintiff contends that during the ear candling procedure, which took place three years later on June 30, 2006, she suffered a burn to her right inner ear, which caused damage to her ear and resulted in hearing loss. Plaintiff has asserted product liability claims against Wild Oats based on negligence, strict liability, and breach of implied warranty. She also asserted a claim for negligence against Kenney in conducting the ear candling procedure. Wild Oats then asserted cross-claims against Wally's Natural Products, Inc. (the alleged manufacturer of the ear candle) and United Natural

Foods, Inc. (the alleged distributor of the ear candle) for indemnification. The parties agree that this Court has subject matter jurisdiction was based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. In addition, the parties have consented to jurisdiction by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.[1]

## II. JUDGMENT AS A MATTER OF LAW STANDARD

Under Federal Rule of Civil Procedure 50(a), a court may grant judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."[2] A judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[3] "The question is not whether there is literally no evidence supporting the nonmoving party but whether there is evidence upon which a jury could properly find for that party."[4] In order for a jury to properly find for a party, "the party must present more than a scintilla of evidence supporting its claim."[5] Such a motion must be granted, however, if there is no legally sufficient evidentiary basis to support all of the essential elements of a claim under the governing law.[6]

---

[1] *See* Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (ECF No. 51).

[2] Fed. R. Civ. P. 50(a)(1).

[3] *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 685 (10th Cir. 2007).

[4] *Id.*

[5] *Id.*

[6] *Lewis v. Bd. of Sedgwick Cnty. Comm'rs*, 140 F. Supp. 2d 1125, 1131-32 (D. Kan. 2001).

In considering judgment as a matter of law, a court must examine all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, without weighing the evidence or making credibility determinations.[7] "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."[8] Although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.[9] The court should give credence to the evidence favoring the nonmovant, as well as evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses.[10]

### III.     PLAINTIFF'S CLAIMS AGAINST DEFENDANT WILD OATS

At the time of trial, Plaintiff had three claims against Defendant Wild Oats as seller of the ear candle used in the ear candling incident that damaged her ear. First, Plaintiff claimed that Defendant Wild Oats was strictly liable because at the time the ear candle was sold by Defendant Wild Oats, it was in a defective and unreasonably dangerous condition. Second, she claimed that Defendant Wild Oats was negligent in failing to make a reasonable inspection of the ear candle and for failing to give her the written warnings and instructions prepared by the manufacturer. Third, Plaintiff claimed that Defendant Wild Oats breached an implied warranty of fitness for a particular purpose in selling Plaintiff the ear candle without the written warnings and instructions prepared by

---

[7]*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

[8]*Id.*

[9]*Id.* at 151.

[10]*Id.*

3

the manufacturer.

## IV.   DISCUSSION

### A.   Plaintiff's Claim for Strict Liability

Under Kansas law, product liability claims are governed by the Kansas Products Liability Act, K.S.A. §§ 60-3301 *et seq.* ("KPLA"). The KPLA "applies to all product liability claims regardless of the substantive theory of recovery."[11] Thus, Plaintiff's negligence, strict liability, and implied warranty claims are all governed by the KPLA. Under Kansas law, to prevail on any of her claims under the KPLA, Plaintiff must prove that: (1) the ear candle was defective, (2) the ear candle was defective at the time it left Wild Oats' possession or control, and (3) the defect must have caused the injury sustained by Plaintiff.[12] Kansas law recognizes three ways in which a product can be defective: "(1) a flaw is present in the product at the time it is sold; (2) the producer or assembler of the product fails to adequately warn of a risk or hazard related to the way the product was designed; or (3) the product, although perfectly manufactured, contains a defect that makes it unsafe."[13] Generalized assertions regarding a product's alleged defective nature are insufficient; instead, Kansas law requires the plaintiff to establish the existence of a specific defect to prevail on a defective product claim.[14]

In its motion, Defendant Wild Oats contends that the evidence presented by Plaintiff at trial

---

[11]*Savina v. Sterling Drug, Inc.*, 247 Kan. 105, 126 (1990).

[12]*See Lane v. Redman Mobile Homes, Inc.*, 5 Kan. App. 2d 729, Syl. ¶ 2 (1981).

[13]*Savina*, 247 Kan. at 114 (citations omitted);  *See also* PIK 4th Civil 128.17 (A product is in a defective condition if it has a defect in manufacturing, instructions, warning, or design, and such defect existed at the time the product left the manufacturer's or seller's hands.).

[14]*Samarah v. Danek Med., Inc.,* 70 F. Supp. 2d 1196, 1202 (D. Kan. 1999) (citing *Jenkins v. Amchem Products, Inc.*, 256 Kan. 602, 635 (1994)).

4

is insufficient to establish that the ear candle used in the ear candling incident was defective or unreasonably dangerous, and that such condition existed at the time that the candle left the possession or control of Wild Oats. It argues that Plaintiff was the only witness at trial who attempted to establish that the ear candle was defective. No other witnesses testified regarding the defective, unreasonably dangerous or unsafe condition of the ear candle or ear candles in general.[15] It further argues that Plaintiff is not qualified as an expert in the field of ear candles or ear candling, and has not identified herself as such. Furthermore, even if she possessed the necessary qualifications to offer an opinion that the ear candle involved in her accident was defective, she does not have such an opinion. To the contrary, Plaintiff testified that despite her injury and everything that she has learned since the date of the accident, she has not formed a belief that the ear candle was defective in any way.

After hearing the evidence presented by Plaintiff during her case in chief, the Court finds that Plaintiff failed to present any evidence that the ear candle used in the 2006 ear candling incident was defective under any of the three ways in which Kansas law recognizes a product to be defective. Plaintiff failed to present any evidence that, at the time she purchased the ear candles from Wild Oats, they contained a manufacturing flaw that made them defective or that they contained a design defect that made them unsafe. Nor did Plaintiff present sufficient evidence for a reasonable jury to conclude that Wild Oats sold the ear candles without instructions or warnings. At trial, Plaintiff offered as her Exhibit No. 9 instructions and precautions for ear candling prepared by the

---

[15]In the Court's February 28, 2011 Memorandum and Order (ECF No. 149), the Court excluded Plaintiff's expert, Dr. Richard Wiet, from testifying regarding his opinion as to ear candles. The Court concluded that Dr. Wiet's opinions concerning ear candles were not admissible under Fed. R. Evid. 702 because Dr. Wiet did not possess the requisite "knowledge, skill, experience, training, or education" with respect to ear candles or ear candling.

manufacturer.  Plaintiff also testified that she simply *could not recall* whether these or any instructions or warnings were lying near or adjacent to the acrylic plastic bin that contained the ear candles for sale by Wild Oats.  Plaintiff has therefore failed to present sufficient evidence from which a reasonable jury could find that Wild Oats sold the ear candles without the written instructions and warning from the manufacturer.  Accordingly, there is not a legally sufficient evidentiary basis for a reasonable jury to find that the ear candle purchased by Plaintiff was defective at time of purchase from Wild Oats.  Defendant Wild Oats is therefore entitled to judgment as a matter of law on Plaintiff's claim for strict liability.

**B.     Plaintiff's Claim for Negligence Based on Duty to Instruct and/or Warn**

Plaintiff has also asserted a claim against Defendant Wild Oats for negligence.  She claims that Wild Oats was negligent in failing to make a reasonable inspection of the ear candles and for failing to give adequate warning and written instructions prepared by the manufacturer.  The Court's strict liability analysis, set about above, applies equally to Plaintiff's negligence claims, and forecloses recovery under either theory based upon Plaintiff's failure to establish that Wild Oats sold the ear candle without the manufacturer's instructions and warnings.

Defendant Wild Oats also contends that Plaintiff's claims for failure to warn must fail as a matter of law because the failure to warn was not the proximate cause of Plaintiff's injury.  It points out that Plaintiff allegedly purchased the ear candle from Wild Oats in 2003.  Plaintiff then kept the candle in her home for approximately three years before she hired Defendant Kenney to perform the ear candling procedure in 2006.  The evidence presented was that Defendant Kenney performed the procedure in a manner different than the procedure shown in the instructions from the manufacturer.  In addition, Defendant Kenney testified that if she had been provided the instructions provided by

the manufacturer, Wally's Natural Products, and included with packaging at Wild Oats she would not have changed the way she performed the ear candling procedure.

Under Kansas law, regardless of the theory upon which recovery is sought for injury in a products liability case, proof that a product defect caused the injury is a prerequisite to recovery.[16] "The proximate cause of an injury is that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the injury would not have occurred, the injury being the natural and probable consequence of the wrongful act."[17] Ordinarily, the proximate cause of an injury is a question for the finder of fact.[18] However, where all the evidence is undisputed and susceptible of only one inference, proximate cause becomes a question of law for the court.[19]

Based upon the evidence presented by Plaintiff, including the testimony of Plaintiff herself and Defendant Kenney, the Court finds the only proximate cause of Plaintiff's ear injury here can be the actions of Defendant Kenney in performing the ear candling on June 30, 2006. It was Plaintiff and Kenney's interaction that resulted in the acts that proximately caused the injury to Plaintiff's ear, not Defendant Wild Oats. From the evidence presented by Plaintiff, there is no legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff against Defendant Wild Oats on this issue. Defendant Wild Oats is therefore entitled to judgment as a matter of law on Plaintiff's claim for negligence.

---

[16]*Wilcheck v. Doonan Truck & Equip., Inc.*, 220 Kan. 230, 235 (1976); *Samarah*, 70 F. Supp. 2d at 1202.

[17]*Neff v. Coleco Indus., Inc.*, 760 F. Supp. 864, 868 (D. Kan. 1991).

[18]*Id.*

[19]*Id.*

### C.     Plaintiff's Claim for Implied Warranty of Fitness for a Particular Purpose

Defendant Wild Oats also seeks judgment as a matter of law on Plaintiff's claim for implied warranty of fitness for a particular purpose. It contends that Plaintiff failed to present sufficient evidence for a reasonable jury to find the elements of her claim. Specifically, it argues that she failed to present evidence that it had reason to know, at the time that Plaintiff was purchasing the ear candle, that the candle was being acquired for a particular purpose. It further argues that in order to establish the existence of an implied warranty of fitness for a particular purpose, Plaintiff would have to show that she relied on Wild Oats' skill or judgment to select and furnish a suitable ear candle.

In Kansas, an implied warranty of fitness for a particular purpose is defined as follows:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.[20]

For this warranty to arise, "(1) the seller must have reason to know of the buyer's particular purpose for the goods; (2) the buyer must rely on the seller's expertise in furnishing goods suitable for the buyer's purpose; and (3) the seller must have reason to know of the buyer's reliance."[21]   The comments to K.S.A. 84-2-315 specify that for this type of warranty, "a 'particular purpose' differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods

---

[20] K.S.A. § 84-2-315.

[21] *Lohmann & Rauscher, Inc. v. YKK (U.S.A.) Inc.*, 477 F. Supp. 2d 1147, 1155 (D. Kan. 2007) (quoting K.S.A. § 84-2-315 cmt. 2).

are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question."[22]

At trial, Plaintiff failed to present a legally sufficient evidentiary basis from which a reasonable jury could find for Plaintiff on her claim for implied warranty of fitness for a particular purpose. Plaintiff failed to present any evidence that Wild Oats had reason to know of Plaintiff's particular purpose for the ear candle, that Plaintiff relied on Wild Oats' expertise in furnishing an ear candle suitable for that particular purpose, or that Wild Oats had reason to know of Plaintiff's reliance. Plaintiff testified that the day she purchases the ear candles her only communications with the Wild Oats' store employee Sheila was to inquire whether Wild Oats sold ear candles and the location of the ear candles within the store. Her interaction with the Wild Oats employee was limited to the employee answering her question whether Wild Oats sold ear candles and the employee directing Plaintiff to the area of the store where the candles were located. Plaintiff thus failed to present sufficient evidence that, at the time she purchased the ear candles, Wild Oats knew or had reason to know of her particular purpose in acquiring the ear candles or that she relied on Wild Oats' skill or judgment to select and furnish a suitable ear candle. In addition, even if Plaintiff had presented sufficient evidence to establish an implied warranty of fitness for a particular purpose, she has failed to present sufficient evidence that a breach of the implied warranty proximately caused the injury to her ear.[23] Plaintiff's claim for implied warranty of fitness for a particular purpose therefore fails for lack of evidence to support the elements of the cause of action.

---

[22]K.S.A. § 84-2-315 cmt. 2.

[23]*See Bereman v. Burdoski*, 204 Kan. 162, 170 (1969) (a plaintiff seeking to recover for injuries under breach of an implied warranty must establish that the alleged breach of warranty was the proximate cause of his damage).

Defendant Wild Oats is entitled to judgment as a matter of law in its favor on Plaintiff's claim for implied warranty of fitness for a particular purpose.

**IT IS THEREFORE ORDERED** that Defendant Wild Oats' Motion for Judgment as a Matter of Law Pursuant to Rule 50 (ECF No. 187) is granted.

**IT IS FURTHER ORDERED** that judgment is entered in favor of Defendant Wild Oats Markets, Inc. on Plaintiff Anne Danaher's claims for negligence, strict liability, and breach of implied warranty of fitness for a particular purpose.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas this 20th day of July 2011.

> s/ David J. Waxse
> David J. Waxse
> U.S. Magistrate Judge

cc:   All counsel and *pro se* parties